By the Court, Bronson, J.
At the common law, Chapman, being the party in interest, was not bound to testify without his consent. (Mauran v. Lamb, 7 Cowen, 174.) But a more substantial reason why he could not be compelled to answer, is, that he was Called to prove himself guilty' of a misdemeanor. (Stat. of 1837, p. 487, § 6.) It is said, however, that he was the plaintiff in the action, and consequently that the case was provided for by the usury act of 1837. The second section of that act is as follows: “ Whenever in an action at law the defendant shall plead or give notice of the defence of usury, and shall verify the truth of his plea or notice by affidavit, he may, for the purpose of proving the usury, call and examine the plaintiff as a witness, in the same manner as other witnesses may be called and examined.” The eighth section subjects the plaintiff to'the pains of perjury for false swearing, when examined as a witness pursuant to the act; but provides, that his testimony shall not be used against him in a criminal prosecution.
Although Chapman was the party in interest, and would for some purposes be regarded as the real plaintiff, yet I think the case does not come within this statute. We sometimes look beyond the parties to the record—the person complaining of an injury,, and the person who defends or answers the complaint—and see who stands behind them. In this Way, the plaintiff in interest is sometimes required to pay the costs which may have been adjudged against the plaintiff on record; and on the other hand, he is protected against the fraudulent acts of the nominal par *557 ty. So, also, there may he a person standing behind the defendant, who for some purposes will be recognized as the real party in interest on that side of the controversy. But in the legal, as well as in the ordinary use of those terms, no one can strictly and properly be denominated either plaintiff or defendant in an action, unless he is named as such on the record. The words plaintiff and defendant in this statute are used as correlative terms—“ the defendant ” may, in certain cases, “ call and examine the plaintiff as a witness.” The legislature evidently had in mind the parties to the record, and no one else. If the provision is not broad enough, the act should be amended. The morality of this statute is very questionable, and it ought not to be extended by construction.
New trial denied.